**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tasha Christine Wolf, ) | No. CV 06-0084-PHX-JAT |
| )  Petitioner, ) | **ORDER** |
| ) vs. ) | |
| ) ) Mary Hennessy, at al., ) | |
| )  Respondents. ) _____) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). On November 9, 2007, the Magistrate Judge issued a Report and Recommendation (Doc. #31) recommending that the Petition be denied. On November 27, 2007, Petitioner filed objections (Doc. #32) to the R&R. No response to the objections was filed.

**Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). As indicated above, objections were filed in this case. Accordingly, the Court will review the portions of the R&R to which an objection was made *de novo*.

1       The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

**Discussion**

**A.  Factual Objections**

      The Objections contain 3 factual objections, in number paragraphs 1, 2, and 5. The objections at paragraphs 1 and 2 deal with the facts surrounding a plea that was never actually entered into by Petitioner. These facts to not affect the legal basis on which Petitioner now seeks habeas relief. Accordingly, the Court notes these objections for purposes of appeal, but does not find it necessary to sustain or overrule them.

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established Federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ('The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.')".)

1     The third objection deals with the surroundings during Petitioner's interrogation. These facts affect Petitioner's voluntariness claim. Accordingly, the Court will rule on this objection. Specifically, the R&R finds that during her interrogation, Petitioner was provided food, water and rest. Petitioner objects claiming that she did not receive food or water. Petitioner cites no basis for this conflicting assertion of fact. In the order denying the motion to suppress (Doc. #22, attachment 1, page 43), the Superior Court Judge found that:

> There is no evidence that Defendant's rational intellect or free will was overcome. Similarly, there is no evidence of coercive police conduct. Defendant used the restroom facilities. Defendant was offered and received a blanket, but declined food, beverages, any further use of the restroom facilities, and cigarettes at various times throughout the questioning.

Based on this finding by the state court, this Court will modify the R&R as follows: to the extent the R&R found Petitioner was "provided" food, water and rest, the Court notes that Petitioner declined the provisions of food and water.

### B. Legal Objections

    Petitioner also raises four legal objections to the conclusions of the R&R, specifically: 1) Petitioner claims that her *Miranda* rights were violated; 2) Petitioner claims that her confession was not voluntary; 3) Petitioner claims that her counsel was ineffective for letting Petitioner testify at trial; and 4) Petitioner claims that her counsel was ineffective for not calling two additional witnesses, Mark Welch and Lyle Reed.

### 1. *Miranda*

    Petitioner claims that her *Miranda* rights were violated during her interrogation. Petitioner alleges that she made a request for an attorney and that her questioning following that request violated her rights; presumably Petitioner would continue to argue that any statements made after such alleged violations of her rights should have been suppressed by the state court. Objections at 2. In the R&R, the Magistrate Judge recounted the colloquy that occurred between the officers and Petitioner. *See* R&R at 16-17. The R&R continues to explain the law that, incriminating statements made by a defendant, after said defendant invokes the right to counsel, are inadmissable against the defendant. *Id.* at 17. However, if

1 the defendant's reference to the right to counsel is ambiguous, the police may continue
2 questioning particularly to clarify whether the right to counsel has been invoked. *Id.* The
3 R&R gives the example of clearly established Federal law in the Supreme Court's holding
4 in *Davis v. U.S.* 512 U.S. 452, 462 (1994), in which the Court found that the statement
5 "maybe I should talk to a lawyer" was ambiguous and did not require the police to stop
6 questioning. *Id.* at 18.

In this case, the R&R then recommends that this Court find that the Arizona court's conclusion that Petitioner's statements were not taken in violation of *Miranda* or in violation of her right to counsel or to due process of law was not contrary to clearly established Federal law. *Id.* In her objections, and citing *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991), Petitioner argues that her request for counsel was clear enough to require questioning to cease. Objections at 2. In *McNeil*, the Supreme Court stated:

> Having described the nature and effects of both the Sixth Amendment right to counsel and the *Miranda-Edwards* "Fifth Amendment" right to counsel, we come at last to the issue here: Petitioner seeks to prevail by combining the two of them. He contends that, although he expressly waived his *Miranda* right to counsel on every occasion he was interrogated, those waivers were the invalid product of impermissible approaches, because his prior invocation of the offense specific Sixth Amendment right with regard to the West Allis burglary was also an invocation of the non-offense-specific *Miranda-Edwards* right. We think that is false as a matter of fact and inadvisable (if even permissible) as a contrary-to-fact presumption of policy.

*Id.* at 177.

The Court fails to see how this case is similar to *McNeil*. Accordingly, the objection on that basis will be overruled. Further, having reviewed the record *de novo*, the Court agrees with the recommendation of the R&R that Petitioner's statements as detailed at pages 16-17 of the R&R are not so unambiguous that the state court's finding was contrary to clearly established Federal law.[2] In fact, the facts are similar to *Davis*, in which the

---

[2] The state court of appeal's discussion of this claim is at pages 157-161 of attachment 1 to Doc. #22. The holding of the Court is at ¶¶ 28-29 of the Court's opinion. The Court states:

- 4 -

1  defendant made equivocal statements about counsel, and accordingly, the police were not
2  required to cease interrogation. *See Davis*, 512 U.S. at 462.

### 2.  **Voluntariness**

Next, Petitioner objects to the Magistrate Judge's recommendation that this Court find that Petitioner's statements were voluntary. Objection at 2. With citation to cases, Petitioner argues that this Court must consider the totality of the circumstances surrounding the statements including the length of interrogation, its location, its continuity; the defendant's maturity, education, physical condition and mental health. *Id.*  Petitioner then argues,

> Here, [Petitioner] was a young and naive woman, interrogated over a nine-hour period, while experiencing severe symptoms of heroin withdrawal, which greatly affected her mental and physical condition, and the police knowingly extended the length of the interrogation as she continued to deteriorate.

*Id.*

The Magistrate Judge concluded that it is likely that this claim was not exhausted in the state courts because this claim was raised before the state courts relying solely on state law, rather than Federal law. R&R at 11-13. If the way this claim was raised to the state

---

> Defendant argues that her response, "I do," made to the question whether she did or did not want a lawyer, was an invocation of the right to counsel. Her actual response, however, belies this contention. The full response was "I do but I don't know what my circumstances are." Taken in context with her earlier statements, this response appears to be a request that the officer advise her of her situation. It definitely was not an unequivocal request for counsel. *See Davis*, 512 U.S. at 458. Notwithstanding the equivocal character of the response, the detective informed Defendant that questioning would cease, that he was going to "go take care of business," and that she could call him back if she changed her mind. However, Defendant continued the conversation. We find nothing in the ensuing colloquy that could reasonably be construed either as a further unequivocal request for counsel by Defendant, or as a statement by the officer designed to elicit an incriminating response. Rather, the officer's statements appear intended to clarify whether Defendant was invoking her right to counsel, a permissible inquiry.

- 5 -

1  courts was sufficient to equate to exhaustion as a claim under Federal law, then this Court
2  must defer to the state court's conclusions unless they were contrary to clearly established
3  Federal law. R&R at 14; *Mitchell v. Esparaza*, 540 U.S. 12, 15-16 (2003). However, if
4  Petitioner did not exhaust this claim as a Federal claim in the state courts, then this Court
5  cannot consider this claim unless Petitioner shows cause and prejudice for her failure to
6  exhaust her now procedurally defaulted claim. *Gray v. Netherland*, 518 U.S. 152, 161-62
7  (1996).[3] Petitioner has not shown cause and prejudice for her failure to exhaust, therefore,
8  unless this claim was exhausted before the state courts, relief on this claim is denied.

9        In the R&R, the Magistrate Judge found that the claim had "arguably" not been
10 exhausted before the state courts, but did not decide the exhaustion issue definitively. R&R
11 at 19.[4] Instead, relying on 28 U.S.C. § 2254(b)(2), the Magistrate Judge recommended that
12 this Court deny relief on the merits. R&R at 19.

13       Turning then to the merits, the state court made factual findings, including that
14 Petitioner's interrogation was not continuous, that although Petitioner has signs of heroin
15 withdrawal, Petitioner was not incoherent or irrational; specifically, Petitioner "recounted
16 events in chronological order and appropriately tailored her responses to the scope of the
17 question, consistent with her interest as she perceived it, and in sufficient detail to suggest
18 her first-hand knowledge of the recollected events." Doc. #22, attachment 1, page 42. The
19 court also found that Petitioner used the restroom, was given breaks (including a long break)
20 and a blanket, and was offered but declined food, water and cigarettes. Doc. #22, attachment
21 1, page 41-43. As stated above, this Court must presume the correctness of the state court's
22 factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149
23 F.3d 923, 936 (9th Cir. 1998).

---

[3]       There is also an actual innocense exception, which is not applicable in this case.

[4]       An argument in favor of finding the claim exhausted includes that the trial judge in her order on voluntariness cited United States Supreme Court case law and Ninth Circuit case law as part of the law surrounding voluntariness. Doc. #22, attachment 1, page 42.

- 6 -

1 Here, Petitioner does not materially challenge the state court's findings regarding the circumstances surrounding her interrogation. Instead she argues that the state court failed to give sufficient weight to the severity of her heroin withdrawal and how that would exacerbate the surrounding circumstances. Based on the facts recounted above as found by the state court, this Court agrees with the recommendation of the Magistrate Judge that Petitioner's statements were voluntary and, considering the totality of the circumstances, not the product of police coercion. *See* R&R at 21-22 (and cases cited therein). Accordingly, habeas relief on this case will be denied.

### 3. Ineffective Assistance of Counsel

#### A. Letting Petitioner Testify

Next, Petitioner claims that her counsel was ineffective for letting her testify at trial under the mistaken theory that he could use such testimony to present a duress defense. After reciting the standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), R&R at 22-23, the Magistrate Judge reviewed this theory and determined that the state court's conclusion that Petitioner's counsel's performance was effective, was not contrary to, nor an unreasonable application of, clearly established Federal law. R&R at 24-28. In her objections to the R&R on this theory of ineffective assistance of counsel, Petitioner argues that counsel was ineffective for thinking that a duress instruction would be available in this case and further ineffective for allowing her to testify thinking that a duress instruction would be available. Objection at 3.

Petitioner's counsel stated on the record at her trial, after a duress instruction was denied, that he would not have had Petitioner testify had he known that the Court would not give a duress instruction. Doc. #22, attachment 2, page 24. As correctly identified in the R&R, *Strickland* has two prongs: 1) petitioner must show that the attorney's performance was deficient and, 2) that the deficiency prejudiced the defense. R&R at 22. Applying this standard, the state court found that even if counsel's performance was deficient, the deficiency did not affect the outcome of the case or prejudice the defense. Doc. #22,

1  attachment 2, page 114.  Specifically, the state court found, "in the Court's opinion even if
2  the defendant had not testified at trial and Welsh and Reed had testified, Lloyd's and
3  Dagenhart's testimony at trial coupled with the defendant's statements to law enforcement
4  and the other evidence was ample evidence to convict." *Id.*

5       In her objections, Petitioner does not object to the Magistrate Judge's conclusions
6  regarding the prejudice prong of the ineffective assistance of counsel analysis.  This Court
7  agrees with the R&R that the state court's decision was not contrary to clearly established
8  Federal law.  In fact, this Court agrees that give the amount of evidence against Petitioner,
9  had she not testified the result would likely have been the same.  Therefore, the Court finds
10 that assuming counsel's performance was deficient, and such deficiency did not prejudice
11 the defense and habeas relief on this basis will be denied.

### B.    Not Calling Welch and Reed to Testify

13      Again applying the *Strickland* test for ineffective assistance of counsel, the R&R
14 concludes that not calling Welch and Reed to testify was not ineffective assistance because
15 their testimony would have been cumulative of the testimony of Dagenhart and Lloyd. R&R
16 at 28.  Petitioner objects to this conclusion.  Objections at 4.

17      As quoted above, the state court found that this decision by counsel, assuming it too
18 was deficient, was also not prejudicial given the amount of evidence against Petitioner. *See*
19 Doc. #22, attachment 2, page 114.  Again this Court finds that the state court's decision was
20 not contrary to clearly established Federal law. Petitioner's own statements coupled with the
21 evidence from her two co-defendants who did testify, created ample evidence to convict,
22 regardless of whether two additional co-defendants testified.  The lack of prejudice is further
23 evidenced by the fact that the testimony that likely would have come from those two co-
24 defendants was consistent with the testimony given by co-defendant Dagenhart.  Thus,
25 because the state court's finding was not contrary to clearly established Federal law, this
26 Court will defer to that finding and habeas relief on this final basis will be denied.

**Conclusion**

Based on the foregoing, and having considered the portions of the R&R subject to objection *de novo*,

**IT IS ORDERED** that the R&R (Doc. #31) is accepted and adopted (except as modified above); the objections (Doc. #32) are overruled (except as indicated above); the Petition is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of February, 2008.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge